```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
IRIS SANABRIA, et al.
                                    :
     v.                             :  Civil Action No. DKC 16-0365
                                    :
COCODY, INC., et al.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage and overtime case is a motion for default judgment filed by Plaintiffs Iris Sanabria, Karina Pleitez, and Rosario Lainez ("Plaintiffs"). (ECF No. 14). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be granted in part and denied in part.

**I.   Background**

  **A.   Factual Background**

Plaintiffs' complaint recites that they were employed as wait staff at Defendant Cocody, Inc.'s restaurant known as "Coco Cabana Bar and Grill." Defendant Moussa Toure is the "founder and director" of Defendant Cocody, Inc. Plaintiffs allege that they regularly worked an average of 27 hours per week on Friday, Saturday, and Sunday nights but were not compensated.

**B.   Procedural Background**

Plaintiffs filed their complaint on February 9, 2016. (ECF No. 1). Plaintiffs allege violations pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count I); the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (Count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (Count III).

Service of process was properly effected on Defendant Cocody, Inc. on February 22, 2016, and upon Defendant Moussa Toure on March 22, 2016. When Defendants failed to respond within the requisite time period, Plaintiffs moved for the entry of default. (ECF No. 8). On May 9, 2016, the clerk entered default. (ECF No. 9). On April 10, 2017, Plaintiff filed the pending motion for default judgment and attached as exhibits affidavits of Plaintiffs. (ECF Nos. 14, 14-3, 14-4, and 14-5). To date, Defendants have taken no action in the case.

**II.  Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(1) provides that the clerk may

enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III. Analysis

### A. Liability

Defendants were served with the complaint but have not responded. Accordingly, all of Plaintiffs' allegations as to liability are deemed admitted.

29 U.S.C. § 203(m) provides that an employer may not take a tip credit with regard to an employee's wages unless (1) "such employee has been informed by the employer of the provisions of this subsection" and (2) "all tips received by such employee

3

have been retained by the employee, except that the subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." § 203(m); *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 680-81 (D. Md. 2012). These two requirements are "strictly construed." *Id.*; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (quoting *Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002)). It is undisputed that Defendants failed to meet the notice requirement of Section 203(m).

The MWHL, like the FLSA, requires that an employer provide notice to an employee before claiming a tip credit as to the employee's wages. Md. Code, Labor & Employment § 3-419(a)(1)(ii) ("This section applies to each employee who has been informed by the employer about the provisions of this section."). Further, the language of the MWHL notice provision is nearly identical to that of the FLSA. *Compare* 29 U.S.C. § 203(m) ("[The tip credit provision of the FLSA] shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection.") *with* Md. Code, Labor & Employment § 3-419(a)(1)(ii). Given that the MWHL is the "state parallel" of the FLSA, the court concludes that Defendants also violated the MWHL by failing to give Plaintiffs proper notice. *Newell v.*

4

*Runnels*, 967 A.2d 729, 771 (Md. 2009); *Gionfriddo v. Jackson Zink, LLC*, 769 F. Supp. 2d 880, 895 (D. Md. 2011) (noting the "congruent nature of the FLSA and MWHL").

The MWPCL requires that an employer "shall pay each employee at least once in every 2 weeks or twice in each month." Md.Code Ann., Lab. & Empl. § 3-502(a)(1)(ii).  It also provides that "each employer shall pay an employee ... all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."  *Id*. § 3-505(a).  Plaintiffs allege that Defendants never paid them wages for the hours they worked.

A complete failure to pay clearly does not meet the biweekly or twice-per-month requirements of the MWPCL.  Based on Plaintiffs' well-pleaded allegations, Defendants willfully and intentionally failed to pay Plaintiffs their regular wages, in violation of the MWPCL.  Therefore, default judgment as to liability is appropriate on Count Three.  The Court of Appeals of Maryland reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 646 (2014):

> Maryland has two wage enforcement laws...the [M]WHL and the [M]WPCL.  The [M]WHL aims to protect Maryland workers by providing a minimum wage standard.  The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment.  Read together,

5

> these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

See also *Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due").

It is well settled that an individual may qualify as an employer and face liability under the FLSA. In *Falk v. Brennan*, the Supreme Court found that an individual qualified as an "employer" under the FLSA because the defendant had extensive managerial responsibilities and "substantial control of the terms and conditions of the work of [plaintiff] employees." 414 U.S. 190, 195 (1973); *see also Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989) (finding a manager was liable for FLSA violations as an "employer" because "he hired and directed the employees who worked for the enterprise."); *Pearson v. Prof'l 50 States Protection, LLC*, No. RDB-09-3232, 2010 WL 4225533, at *4 (D.Md. Oct. 26, 2010) (collecting cases). As in the corporate employer context, "courts generally look at the 'economic reality' of an individual's status in the workplace before determining liability." *Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 890 (D.Md. 2011) (*citing Schultz*, 466 F.3d at

6

304; *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). This "economic reality" includes a number of factors, "such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo*, 769 F.Supp.2d at 890 (*citing Baystate Alt. Staffing v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998)).

Courts in this district have applied the *Bonnette* factors to determine whether an individual constitutes an "employer." *See Iraheta v. Lam Yuen, LLC*, No. DKC-12-1426, 2012 WL 5995689, at *3 (D.Md. Nov. 29, 2012); *Khalili*, 2011 WL 231793, at *2. No single factor is dispositive; rather, the totality of the circumstances must be considered. *See*, *e.g., Speert v. Proficio Mortg. Ventures, LLC,* No. JKB-10-718, 2011 WL 2417133, at *3 (D.Md. June 11, 2011). "An individual's status as a high-level corporate shareholder or officer does not automatically impart 'employer' liability to that individual, as individual liability 'is dictated by the economic reality of the employment relationship.'" *Caseres*, 2012 WL 5250561, at *3 (*quoting Pearson*, 2010 WL 4225533, at *4).

In their complaint, Plaintiffs allege that Moussa Toure is the director and founder of co-defendant Cocody Inc. and that he was "in charge of day-to-day operations at Coco Cabana Restaurant, directing and supervising Plaintiffs." (ECF No. 1

¶ 5). It is further alleged that Mr. Toure had "the power to hire or fire employees." (*Id.*).

Viewing the complaint in the light most favorable to Plaintiffs, the allegations against Defendant Moussa Toure state a plausible claim that he is individually liable as "employer." Accepting as true the well-pled allegations, Plaintiffs have established that Defendants are jointly and severally liable to Plaintiffs under FLSA, the MWHL, and MWPCL.

### B. Damages

In order to calculate damages, "the Court ... may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *2 (D. Md. Nov. 17, 2011). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008). Here, Plaintiffs have requested compensation in the amount of $7.25 per hour, the federal minimum.

This court has awarded damages for unpaid wages based on a Plaintiff's declaration asserting the average number of hours he worked. *See Cruz v. Home & Garden Concepts, LLC*, No. GJH-15-204, 2016 WL 3679139, at *5 (D. Md. July 12, 2016). But Plaintiffs cannot recover under more than one theory. *See Gen.*

8

*Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980). Therefore, they only may recover an amount of regular damages equivalent to the minimum wages they establish that they are owed; they cannot recover three times that amount by recovering under the FLSA, MWHL, and MWPCL.

Plaintiffs' motion for default judgment asserts that Plaintiff Sanabria is owed $11,940.75, Plaintiff Pleitez is owed $5,974.00, and Plaintiff Lainez is owed $8,613.00 in actual damages for unpaid wages. (ECF No. 14 p. 4). Plaintiffs' motion also requests double and treble damages under the FLSA or the MWPCL, respectively. (*Id.* p. 4 and 5). "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of her improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)). Moreover, an employee's statement under oath "as to [her] recollection of the hours [s]he worked and the pay [s]he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiff['s] testimony even though the

9

amounts claimed are only approximated and not perfectly accurate." *Id.* at *3.

### C. Enhanced Damages

Plaintiffs request that the damages be doubled pursuant to the FLSA or trebled pursuant to the MWPCL. Plaintiffs are "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D.Md. Nov. 17, 2011). "'Enhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification.'" *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D.Md. Nov. 5, 2012) (quoting *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *4 (D.Md. May 23, 2008)).

> [I]t has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the "defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'" *Clancy*, 2012 WL 5409733, at *8 (quoting *Lopez*, 2008 WL 2227353, at *4); *see also Castillo v. D&P Prof'l Servs., Inc.*, No. DKC-14-1992, 2015 WL 4068531, at *6-7 (D.Md. July 2, 2015);

>> *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *3 (D.Md. May 23, 2012); *Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 800 (D.Md. 2010).

*Villatoro v. CTS & Assocs., Inc.*, No. DKC-14-1978, 2016 WL 2348003, at *3 (D.Md. May 4, 2016).

Here, Defendants have failed to appear and present any evidence of a colorable justification for withholding the wages. On the other hand, Plaintiffs have provided no evidence of any consequential damages suffered as a result of Defendants' violations. Accordingly, liquidated damages pursuant to 29 U.S.C. § 216 will be awarded.

### D. Attorney's Fees and Costs

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

Plaintiffs' counsel has not yet moved for attorney's fees or costs. He will be provided an opportunity to do so pursuant to Local Rule 109.2.a.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment will be granted in part and denied in part.  Judgment will be entered for Plaintiff Iris Sanabria in the amount of $23,881.50, judgment will be entered for Plaintiff Karina Pleitez in the amount of $11,948.00, and judgment will be entered for Plaintiff Rosario Lainez in the amount of $17,226.00.  A separate order will follow.

                                     /s/
                              DEBORAH K. CHASANOW
                              United States District Judge