IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRIS SANABRIA, et al.

  v.

COCODY, INC., et al.

:

:

:  Civil Action No. DKC 16-0365

:

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage and overtime case is a motion for reconsideration and to vacate default judgment filed by Defendant Moussa Toure ("Defendant").[1] (ECF No. 18).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be denied.

**I. Background**

 **A. Factual Background**

The complaint filed by Plaintiffs Iris Sanabria, Karina Pleitez, and Rosario Lainez (collectively, "Plaintiffs") recites that they were employed as wait staff at Cocody, Inc.'s

---

[1] Defendant Toure submitted the motion on behalf of himself and Defendant Cocody, Inc.  However, the motion was not accepted on behalf of Cocody, Inc. because corporations may only appear through counsel.  *See* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel."); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

restaurant known as "Coco Cabana Bar and Grill." Defendant is the "founder and director" of Cocody, Inc. Plaintiffs allege that they regularly worked an average of 27 hours per week on Friday, Saturday, and Sunday nights but were not compensated. (ECF No. 16, at 1).

### B.   Procedural Background

Plaintiffs filed their complaint against Defendant and Cocody, Inc. on February 9, 2016, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*; the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (ECF No. 1).

Service of process was properly effected on Cocody, Inc. on February 22, and upon Defendant on March 22. (ECF Nos. 5; 7). When Defendant and Cocody, Inc. failed to respond within the requisite time period, Plaintiffs moved for the entry of default. (ECF No. 8). On May 9, 2016, the clerk entered default. (ECF No. 9). Default judgment was entered against Defendant and Cocody, Inc. on July 17, 2017. (ECF No. 16). Defendant filed the pending motion for reconsideration and to vacate default judgment on August 29 (ECF No. 18), and Plaintiffs filed a response and amended response in opposition (ECF Nos. 19; 20).

2

## II.  Standard of Review

Under Fed.R.Civ.P. 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted), *cert. denied,* 525 U.S. 1104 (1999).

## III. Analysis

Plaintiffs argue that Defendant's motion should be denied because he has failed to assert a meritorious defense. (ECF No. 19 ¶ 15).  To receive Rule 60(b) relief, the movant must make a threshold showing of timeliness, "a meritorious claim or defense," and lack of unfair prejudice to the opposing party, in addition to one of the grounds for relief enumerated under Rule 60(b). *Coleman v. Jabe*, 633 F.App'x 119, 120 (4th Cir. 2016) (mem.) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir.

2011)).   Here, Defendant states that "Plaintiffs are not truthful and [have] committed fraud with their lies upon this Honorable Court and Defendant[] [has] the evidence to refute what the Plaintiffs have claimed to this Court." (ECF No. 18 ¶ 16).  Defendant has presented no facts to support his claim of a meritorious defense and thus fails to provide the court with a satisfactory explanation of the merits of his alleged defense. *United States v. $10,000.00 in U.S. Currency*, No. 1:00-CV-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002) (the movant "must present the Court with 'a satisfactory explanation of the merits of the defense' that goes beyond a mere assertion of unfounded legal conclusions" (citation omitted)); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) (finding that the movant in a contract suit did not establish a meritorious defense when he merely stated that the non-movant breached the contract; *Carbon Fuel Co. v. USX Corp.*, No. 97-1995, 1998 WL 480809, at *4 (4th Cir. Aug. 6, 1998) (refusing to set aside entry of default when the movant simply stated that a meritorious defense existed without further detailing the facts supporting the defense).  Therefore, Defendant's motion will be denied.

## IV.  Conclusion

For the foregoing reasons, the motion for reconsideration and to vacate default judgment filed by Defendant Moussa Toure will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
